IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Kenneth Dale Walker, ) | |
| ) | C/A No. 3:17-1935-MBS-SVH |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Progressive Casualty Insurance Company, ) | |
| Christina Stewart, Kevin Walston, and ) | |
| Jim Armstrong, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Kenneth Dale Walker filed this action in the Court of Common Pleas for the County of Lexington, South Carolina, on June 5, 2017, alleging that his former employer, Defendant Progressive Casualty Insurance Company ("Progressive"), discriminated against him on account of his age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 521, et seq. (First Cause of Action). Plaintiff also asserts state law claims against Progressive for termination in violation of public policy (Second Cause of Action) and defamation (Third Cause of Action); against Defendant Christina Stewart for tortious interference with contract (Fourth Cause of Action); and against Defendants Kevin Walston and Jim Armstrong for civil conspiracy (Fifth Cause of Action). Defendants removed the case to this court on July 21, 2017. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling.

On August 4, 2017, Defendant Stewart filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Also on August 4, 2017, Defendants Armstrong and Walston filed a motion to dismiss. Plaintiff filed responses in opposition to each motion on August 17, 2017, to which the respective

Defendants filed replies on August 24, 2017.

## DISCUSSION

A.  Defendant Stewart's Motion to Dismiss

Defendant Stewart contends Plaintiff fails to state a claim as to his Fourth Cause of Action alleging tortious interference with contract. To succeed on a claim of tortious interference with contract, a plaintiff must prove five elements: (1) existence of a valid contract; (2) the wrongdoer's knowledge thereof; (3) his intentional procurement of its breach; (4) the absence of justification; and (5) resulting damages Dutch Fork Dev. Grp. II, LLC v. SEL Props., LLC, 753 S.E.2d 840, 844 (S.C. 2012). Defendant Stewart argues (1) Plaintiff fails to plead facts sufficient to support the existence of a contract between Plaintiff and Progressive; (2) if such a contract existed, Progressive could not interfere with a contract to which it was a party; and (3) Defendant Stewart acted solely as an agent of Progressive, and thus was not a stranger to any purported contract between Plaintiff and Progressive.

B.  Defendants Armstrong and Walston's Motion to Dismiss

Defendants Armstrong and Walston contend Plaintiff fails to plead facts sufficient to state a viable claim for his Fifth Cause of Action, civil conspiracy. Under South Carolina law,

> A civil conspiracy is a combination of two or more persons joining for the purpose of injuring and causing special damage to the plaintiff. A plaintiff need not allege an unlawful act to state a cause of action; lawful acts may become actionable as a civil conspiracy if the objective is to ruin or damage the business of another. Therefore, the primary inquiry in civil conspiracy is whether the principal purpose of the combination is to injure the plaintiff. Conspiracy may be inferred from the very nature of the acts done, the relationship of the parties, the interests of the alleged conspirators, and other circumstances.

Allegro, Inc. v. Scully, 791 S.E.2d 140, 144 (S.C. 2016) (internal citations omitted).

Defendants Armstrong and Walston state that (1) they are immune from liability under the intracorporate conspiracy doctrine; (2) Plaintiff fails to plausibly allege Defendants "combined" for the purpose of injuring him; (3) Plaintiff fails to plausibly allege an overt act beyond the termination forming the basis of his other claims; (4) Plaintiff fails to plead the existence of special damages.

C.     The Magistrate Judge's Report and Recommendation

On September 15, 2017, the Magistrate Judge issued a Report and Recommendation in which she agreed that Defendant Stewart was acting as an agent for Progressive. As such, this Defendant could not be held liable for interfering with a contract to which she was a party. With respect to civil conspiracy, the Magistrate Judge noted that Plaintiff failed to plead facts to show Defendant Armstrong played any role in Plaintiff's termination. The Magistrate Judge noted that a civil conspiracy claim cannot exist unless two or more persons are acting in concert. The Magistrate Judge also determined that Plaintiff failed to allege special damages. Accordingly, the Magistrate Judge recommended that the motions to dismiss be granted, without prejudice, with leave to file an amended complaint within fifteen days of the district court's order. The Magistrate Judge recommended that, if no amended complaint is filed, the motions to dismiss be granted with prejudice. No parties filed objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. In the absence of a timely filed objection, a district court need not conduct a de

novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

## CONCLUSION

The court has thoroughly reviewed the record. The court concurs in the Report and Recommendation and incorporates it herein by reference. Defendant Stewart's motion to dismiss (ECF No. 9) and Defendants Armstrong and Walston's motion to dismiss (ECF No. 10) are granted, without prejudice. If no amended complaint is filed by Plaintiff within fifteen days of the date of entry of this order, the motions to dismiss will be granted with prejudice.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

October 16, 2017